# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:  KATHLEEN ANNE DUDLEY,　　　　　　　　　　　　　No. 24-10034-j11

　　　　Debtor.

---

ILENE J. LASHINSKY,
United States Trustee,

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　Adversary No. 24-1011-j

CHARLES EDWARD LINCOLN, III,

　　　　Defendant.

## MEMORANDUM OPINION REGARDING DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE

　　　　This Memorandum Opinion addresses Defendant's request in his Motion to Dismiss Complaint for Sanctions and Injunctive Relief (the "Motion to Dismiss" – Doc. 13[1]) that the Court dismiss this adversary proceeding due to improper venue.[2] The Motion to Dismiss, insofar as it seeks dismissal due to improper venue, is hereafter called the "Venue Motion." For the reasons explained below, the District of New Mexico is a proper venue for the Plaintiff United States Trustee's (the "UST's") claims.[3] The Court therefore will deny the Venue Motion.

---

[1] Defendant also filed a Brief in Support of Motion to Dismiss. (Doc. 23.)
[2] Defendant asserts multiple grounds for dismissal of the Complaint. (Doc. 13.) This Memorandum Opinion addresses only Defendant's argument that venue is improper in this Court. (*Id*. at 12–15).
[3] Plaintiff is the United States Trustee for Region 20, which includes New Mexico.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 16, 2024, Debtor Kathleen Anne Dudley, acting pro se, filed her bankruptcy petition for relief under chapter 11 in this Court, making the District of New Mexico what is commonly known as the "home bankruptcy court" or simply the "home court" for the bankruptcy case.[4] On Debtor's motion, the Court dismissed Debtor's chapter 11 bankruptcy case on April 4, 2024. (Bankruptcy Case No. 24-10034, Docs. 36, 38).

One day before the bankruptcy case was dismissed, the UST filed her Complaint for Sanctions and Injunctive Relief (the "Complaint"), in which she alleges that Defendant violated the requirements for "bankruptcy petition preparers" set forth in 11 U.S.C. § 110[5] by (1) not putting his name, address, and/or social security number on documents prepared for Debtor (Doc. 1 ¶¶ 107–108, 111–112), (2) providing Debtor with legal advice for compensation and holding himself out as a legal services provider (*Id*. ¶¶ 113, 116), (3) failing to provide Debtor with a complete "Bankruptcy Petition Preparer's Notice, Declaration and Signature" (Form B119) (*Id*. ¶¶ 109–110), and (4) not filing a "Fee Disclosure" (*Id*. ¶ 117).

She also alleges that Defendant "convinced Debtor to compensate him for assisting her in a scheme of Defendant's devising to engage in in appropriate forum shopping with respect to [a state court case], including the filing of the Bankruptcy Case, removal of the [state court case] to this Court and the 7052 Motion (the 'Scheme')." (*Id*. ¶ 29). The UST alleges that Defendant acted fraudulently, unfairly, or deceptively in pursuing the Scheme, violating § 110, and by practicing

---

[4] *See, e.g., In re Madsen*, 517 B.R. 385 (10th Cir. BAP 2014) (the "home court" is the district in which the bankruptcy case was filed) (unpublished disposition). The Court may cite unpublished opinions of the Bankruptcy Appellate Panel for the Tenth Circuit for their persuasive value. *See* 10th Cir. BAP Local Rule 8026-6. *See also In re AG Indus., Inc.*, 279 B.R. 534, 540 (Bankr. S.D. Ohio 2002) (referring to the bankruptcy court where the case was filed as the "home bankruptcy court").

[5] Unless otherwise indicated, references to "§" or "§§" refer to sections of Title 11 of the United States Code, 11 U.S.C., which is the "Bankruptcy Code."

law without authorization contrary to state law. (*Id*. ¶¶ 29, 114–115, 119–123, 146–148 – citing N.M. Stat. Ann. §§ 36-2-27, -28.1 (1978)).

Based on these and other allegations, the UST asserts six claims for relief:

<u>Count 1</u> is a claim that Defendant, who is allegedly not a licensed attorney, violated § 110(i)(1)(A) by acting as a bankruptcy petition preparer without complying with various requirements that § 110 imposes on bankruptcy petition preparers and by providing Debtor with legal advice for compensation without an appropriate license to do so, holding himself out as providing legal services, and engaging in fraudulent, unfair, and/or deception conduct. (*Id*. ¶¶ 100–124).

<u>Counts 2 and 3</u> are claims for a money judgment and the forfeiture of fees received pursuant to § 110(i)(1)(B) and (h)(3)(B) based on the violations of § 110 alleged in Count 1. (*Id*. ¶¶ 125–129).

<u>Count 4</u> seeks an injunction pursuant to § 110(j)(2)(A) prohibiting Defendant from holding himself out as a legal services provider, providing legal advice, assisting anyone with a bankruptcy petition without providing a complete Form B119 before preparing documents, failing to file a Fee Disclosure before preparing bankruptcy documents, and "engaging in the unauthorized practice of law." (*Id*. ¶¶ 130–141).

<u>Count 5</u> seeks an injunction pursuant to § 110(j)(2)(B) prohibiting Defendant "from acting as a bankruptcy petition preparer." (*Id*. ¶¶ 142–145).

<u>Count 6</u> is a claim that Defendant engaged in the unauthorized practice of law in violation of N.M. Stat. Ann. § 36-2-27 and -28.1 and seeks injunctive relief. (*Id*. ¶¶ 146–148).[6]

---

[6] On October 11, 2024, the UST filed a motion to lift the Court-ordered stay to permit her to file a motion to amend the complaint. (Doc. 36.) Defendant opposes that motion. (Doc. 39.) The proposed amended complaint eliminates from the Complaint all allegations that Defendant engaged in fraudulent,

-3-

Case 24-01011-j    Doc 43    Filed 12/03/24    Entered 12/03/24 17:17:33 Page 3 of 9

On July 17, 2024, Defendant filed the Motion to Dismiss. (Doc. 13.) Among other things, Defendant challenges the Court's jurisdiction to adjudicate the UST's claims and whether venue lies in this district (collectively, the "Threshold Issues"). *Id*. The Court held a scheduling conference on July 23, 2024. (Docs. 15–17.) At the scheduling conference, the parties consented to the Court ruling on the Threshold Issues before ruling on the remaining issues in the Motion to Dismiss. (*See* Doc. 21.) Counsel for Defendant also stated on the record that Defendant may seek to withdraw the automatic reference of bankruptcy and associated adversary proceedings to this Court. *Id*. The Court fixed a briefing schedule for the Threshold Issues and a deadline for Defendant to file a motion to withdraw the reference. *Id*. In addition, the Court stayed this adversary proceeding pending further order of the Court in all respects except for the Threshold Issues and any timely filed motion to withdraw the reference. *Id*.

Defendant timely filed a Motion to Withdraw the Reference on September 20, 2024. (Doc. 30.) The Motion to Withdraw the Reference was assigned to District Judge David H. Urias and Magistrate Judge Kirtan Khalsa on September 26, 2024. (Doc. 32.) *See* Fed. R. Bankr. P. 5011; NMB LR 5011-1. Briefing on the Threshold Issues was complete on September 27, 2024. (*See* Docs. 13, 29, 33).

DISCUSSION

Except for the Threshold Issues, the filing of Defendant's Motion to Withdraw the Reference, and a motion to withdraw as counsel, this adversary proceeding is stayed by Court order. (Docs. 21, 42.) The filing of Defendant's Motion to Withdraw the Reference does not itself

---

unfair, and/or deceptive conduct or engaged in the unauthorized practice of law. (Doc. 36-1.) The proposed amended complaint also does not include Count 6. (*Id*.) The Court has not yet ruled on the motion to lift the Court-ordered stay. The Court's ruling on the Venue Motion would be the same regardless of whether the UST is permitted to file the proposed amended complaint.

-4-

Case 24-01011-j    Doc 43    Filed 12/03/24    Entered 12/03/24 17:17:33 Page 4 of 9

render any aspect of this adversary proceeding stayed pending the District Court's decision on the Motion to Withdraw the Reference. Fed. R. Bankr. P. 5011 ("The filing of a motion for withdrawal of a case or proceeding . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion."). Neither party has moved the Court to stay a ruling on the Threshold Issues pending resolution of the Motion to Withdraw the Reference. The Court will rule on the Venue Motion.

Section 1409 of Title 28 of the United States Code governs venue for adversary proceedings commenced in connection with bankruptcy cases. Section 1409(a) sets forth the general venue rule that proceedings (1) arising under title 11, (2) arising in a case under title 11, or (3) related to a case under title 11 "may be commenced in the district court in which such case is pending." § 1409(a). Section 1409(b) creates an exception to that general rule:

> Except as provided in subsection (d) of this section, a *trustee in a case* under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,525 or a consumer debt of less than $22,700 or a debt (excluding a consumer debt) against a noninsider of less than $27,750 only in the district court for the district in which the defendant resides.

(Emphasis added.)

Defendant argues that under § 1409(b) the District of New Mexico is not the proper venue for this adversary proceeding and contends that the UST's claims should have been brought in Louisiana, where he resides, because the "maximum amount which the UST might claim of this Defendant . . . is significantly less than $27,750." (Docs. 13 at 14, 23 at 16.). The UST argues, among other things, that § 1409(b) does not apply because a United States trustee is not a "trustee in a case," as that phrase is used in § 1409(b). (Doc. 29 at 6–8).

The Court concludes that § 1409(b) does not apply to this adversary proceeding because § 1409(b) applies only to proceedings brought by a "trustee in a case," and in Debtor's chapter 11 case the UST is not serving and has not served as "a trustee in a case."

Although the phrase "trustee in a case" is not defined in Title 28 or in the Bankruptcy Code, § 322 makes it clear that a "a person selected under section 701, 702, 703, 1104, 1163, 1183, 1202, or 1302 of [the Bankruptcy Code] serve[s] as trustee in a case under title 11 . . . ." Sections 701, 702, 703, 1104, 1163, 1183, 1202, and 1302 use the language "trustee in the case" to refer to a person who will serve in a particular case as a "trustee in a case."[7] Accordingly, "trustee in a case" refers to a trustee in a case generally; whereas "trustee in the case" refers to a person who will serve in a particular case as a "trustee in a case." A "trustee in a case" commonly is known as a "case trustee" or as a chapter 7, chapter 11, subchapter V, chapter 12, or chapter 13 trustee.

The Attorney General of the United States appoints the United States trustee pursuant to 28 U.S.C. § 581 to perform the duties set forth in 28 U.S.C. § 586. The United States trustee may also serve in the capacity of a case trustee (a "trustee in a case") in certain circumstances. Section 321(c) provides that "[t]he United States trustee for the judicial district in which the case is pending is eligible to serve as trustee in the case if necessary." The United States trustee serves as a "trustee in a case" only if the United States trustee is selected to do so under § 701(2), 1183(a), 1202(a), or 1302(a)[8] or in accordance with §§ 701(2) and 702(d).[9] If a United States trustee is selected to serve

---

[7] Section 1104 does not use the phrase "trustee in the case" but instead refers to a person who will "serve as trustee or examiner, as the case may be, in the case." *See* § 1104(d).

[8] Because there is no similar provision in § 1104 or § 1163, it appears that the United States trustee may not serve as a "trustee in a case" appointed under § 1104 or § 1163.

[9] Section 701(a)(2) authorizes the United States trustee to serve as an interim chapter 7 trustee if none of the members of the United States trustee-appointed panel of chapter 7 trustees may serve in the case, and § 702(d) provides that the interim chapter 7 trustee serves as the trustee in the case if a chapter 7 trustee is not elected.

as a trustee in a case, he or she serves in a dual capacity – in the capacity of the United States trustee performing duties pursuant to 28 U.S.C. § 586 and in the capacity of a chapter 7, chapter 11, chapter 12, or chapter 13 trustee performing duties of a case trustee.

A United States trustee acting only in his or her capacity as a United States trustee performing duties pursuant to 28 U.S.C. § 586 is not acting as "a trustee in a case." This conclusion is supported not only by §§ 321(c) and 322 but also by various Bankruptcy Code provisions distinguishing between the role of the United States trustee acting in the capacity of a United States trustee and a "trustee in a case":

- Section 701(a)(1) provides that the United States trustee appoints the interim "trustee in the case" in chapter 7 cases.

- Section 703(c) governs when the United States trustee appoints the "trustee in the case" as a successor trustee in a chapter 7 case.

- Section 1104(b) governs when the United States trustee must convene a meeting in a chapter 11 case to elect a "person to serve as trustee in the case." Section 1104(a) authorizes the United States trustee to ask the Court to appoint such a trustee.

- Section 1163 permits the United States trustee to appoint a "trustee in the case" in subchapter IV railroad reorganization chapter 11 cases.

- Section 1183 permits the United States trustee to appoint a "trustee in the case" in subchapter V chapter 11 cases, commonly known as a subchapter V trustee.

- Section 1202 permits the United States trustee to appoint a "trustee in the case" in chapter 12 cases.

- Section 1302 permits the United States trustee to appoint a "trustee in the case" in chapter 13 cases.[10]

---

[10] *See also In re Schollett*, 980 F.2d 639, 643 (10th Cir. 1992) (distinguishing between the United States trustee, "case-by-case trustee," and "standing trustee"); *In re Blessing*, 2021 WL 4876936, at *2 (Bankr. D.N.M. Oct. 19, 2021) (distinguishing between the United States trustee and "case trustee"); *In re Silver*, 378 B.R. 418 (10th Cir. BAP 2007) (unpublished) (same); *In re S. Beach Sec., Inc.*, 376 B.R. 881, 893 (Bankr. N.D. Ill. 2007) (stating that "serving as a trustee in a case" has a "technical meaning [that is] more limited than first appears"), *aff'd, In re S. Beach Sec., Inc.*, 421 B.R. 456 (N.D. Ill. 2009), *aff'd, In re S. Beach Sec., Inc.*, 606 F.3d 366 (7th Cir. 2010).

The UST has not been appointed or selected to serve as a chapter 11 trustee (as a trustee in a case) in Debtor's bankruptcy case and therefore was not serving in the capacity of a "trustee in a case" when she commenced this adversary proceeding. Section § 1409(b), which applies only to a proceeding commenced by a "trustee in a case under title 11," therefore does not apply to limit venue to the district where Defendant resides. *See, e.g., In re Moser*, 2023 WL 8446206, at *1 (Bankr. S.D. Tex. Dec. 5, 2023) (Section 1409(b) is inapplicable to an adversary proceeding commenced by the United States trustee because "[b]y its terms, § 1409[(b)] only applies to an adversary proceeding brought by "'a trustee in a case under title 11.'"). Hence, venue for this proceeding is governed by § 1409(a), which permits proceedings like this one to be brought by the United States trustee in the "home court," and not by § 1409(b). *Cf. In re Madsen*, 517 B.R. 385 ("[T]he home court is the presumptive venue.").

Because the plain language of § 1409(b) is dispositive of Defendant's Venue Motion, the Court need not address Defendant's arguments under § 1409(b) related to the amount the UST seeks.

CONCLUSION

The Court concludes that § 1409(a) permits the UST to bring this adversary proceeding in the District of New Mexico, the "home court." Section 1409(b) does not apply because it limits venue only for certain proceedings brought by a "trustee in a case" and the UST is not "a trustee in a case" in Debtor's bankruptcy case.

The Court will issue a separate order denying the Venue Motion.

_____
Robert H. Jacobvitz
United States Bankruptcy Judge

-8-

Case 24-01011-j   Doc 43   Filed 12/03/24   Entered 12/03/24 17:17:33 Page 8 of 9

Date entered on docket: December 3, 2024

Copy to:

Daniel White
DOJ-UST
PO Box 608
Albuquerque, NM 87103-0608

Yancey Burnett
Attorney for Defendant
27154A Pollard Road
Daphne, AL 36526